(101 So. 666)

### NARO v. STATE. (6 Div. 33.)

(Supreme Court of Alabama. June 26, 1924. Rehearing Denied Oct. 16, 1924.)

**1. Criminal law ⬅1092(11) — Bill of exceptions held properly presented to Supreme Court justice, in trial judge's absence from state.**

In absence of trial judge from state, bill of exceptions, previously presented to him, but not yet approved, was properly presented to associate justice of Supreme Court for approval, under Gen. Acts 1915, p. 816.

**2. Courts ⬅117—Supreme Court is "court of record," which speaks only through records.**

Supreme Court is court of record, wherein acts and proceedings are enrolled for perpetual memorial, and such courts "speak only through their records."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court of Record.]

**3. Criminal law ⬅1092(11)—Supreme Court justice, fixing time and place for hearing for settlement of bill of exceptions, constitutes court of record.**

Supreme Court justice, in setting time for place and hearing for settlement of bill of exceptions, on application, under Gen. Acts 1915, p. 816, constitutes court of record acting in a judicial proceeding.

**4. Courts ⬅84— Rules of courts of record must be on court's records.**

Rules of courts of record cannot rest in parol, but must be placed on court's records.

**5. Notice ⬅10—Statute silent as to manner of giving notice directed by it requires personal service.**

Statute directing notice to be given, and silent as to manner of giving it, requires personal notice.

**6. Notice ⬅9 — Written notice understood wherever notice authorized or required.**

Wherever notice is required or authorized by statute, written notice is understood.

**7. Exceptions, bill of ⬅2—Statutes as to establishing, strictly construed.**

Statutes providing for establishing bill of exceptions must be strictly construed.

**8. Criminal law ⬅1092(11)—Statute requires written order from Supreme Court justice fixing time and place for settling bill of exceptions, and written notice with personal service on opposing counsel.**

Gen. Acts 1915, p. 816, intended as substitute for Code 1907, § 3021, prescribing manner of presenting bill of exceptions to associate justice of Supreme Court, in absence of trial judge, requires written order fixing time and place for hearing matter of settlement, and written notice with personal service on appellee's attorney.

Sayre, J., dissenting.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Alf Naro was convicted of murder in the second degree, and he appeals. Affirmed.

John W. Altman and J. K. Taylor, both of Birmingham, for appellant.

Counsel argue questions raised on the motion to strike the bill of exceptions, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Beddow & Ray, of Birmingham, for the State.

The bill was not established in the manner provided by law, and should be stricken. Acts 1915, p. 816.

GARDNER, J. This appeal is prosecuted from a judgment of conviction for murder in the second degree.

[1] Motion is made by the state to strike the bill of exceptions, which presents the question of first consideration. The bill of exceptions was presented to the trial judge on May 30, 1923. The time for the approval of this bill expired midnight of August 28, 1923. Without having approved and signed the same, the trial judge left the state of Alabama on July 15, 1923, and did not return until September 14, thereafter. Learning of the absence of the trial judge, counsel for appellant presented the bill to an associate justice of this court on August 27, 1923, and the bill was marked filed by the justice as of that date. It was again presented and marked filed by the justice of date August 30, 1923, out of abundance of caution on the part of counsel for appellant, we presume, but which is a matter of no consequence upon the consideration of this question. The bill of exceptions was presented to a member of this court, under the provisions of the act approved September 25, 1915 (General Acts 1915, p. 816), and, so far as that question is concerned, the facts above stated bring this presentation within the influence of the above-cited act. Munson S. S. Line v. Harrison, 200 Ala. 504, 76 So. 446.

Counsel for the state strenuously insist, however, that, conceding the proper presentation of the bill to a member of this court,

nevertheless there has been a failure to comply with the above-cited statute in material respects, which should operate to strike the bill, in that no order in writing was made by the justice fixing the time and place for hearing the matter of settling, and signing such bill, and prescribing the notice to be given counsel for the opposite party, and, further, that counsel for the state has been served with no written notice as to the time and place of hearing the matter of settling such bill of exceptions.

Counsel for appellant has submitted affidavits to the effect that the associate justice to whom the bill was presented fixed September 26, 1923, for the hearing, and that such time was extended by verbal communications with the justice until February 16, 1924, when the same was signed by him as established of that date. Appellant's counsel also presented affidavits to the effect that he verbally notified counsel for the state of these facts, and that he would proceed for the establishment of the bill on said February 16, 1924. Counsel for the state, however, offer counter affidavits, thus presenting, it seems, a disputed issue of fact. It is without dispute that no order in writing was made fixing the time and place for the hearing, and no notice in writing was served upon opposing counsel.

This brings us to a consideration of the proper construction of that portion of the act of 1915, above cited, pertinent to this feature of the case. Said act provides that, upon presentation of the bill of exceptions to a member of this court, he shall—

"indorse thereon the true date of presentation to him, and fix a time and place for hearing the matter of settling and signing such bill and prescribe the notice to be given the counsel for the opposite party and on such hearing, * * * shall make an order establishing the bill of exceptions, as settled, and shall attach the same to such bill and date and sign the same, which must be within thirty days from the time presented to him, unless longer time be granted, and this shall be the bill of exceptions."

[2, 3] While it is true the strict letter of this statute does not require the order fixing the time and place for the hearing and prescribing the notice shall be in writing, yet it is to be construed in the light of the rules of law governing judicial proceedings. This is a court of record wherein the acts and proceedings of the court are enrolled as for a perpetual memorial (11 Cyc. 657), and, as said by this court in Ex parte Bradshaw, 174 Ala. 243, 57 So. 16, such courts "speak only through their records."

[4] The matter of hearing and settling the bill of exceptions in cases of this character, under the provisions of the above act, is a judicial proceeding, and, indeed, but a more expeditious manner than is provided by section 3021 of the Code of 1907, and was clearly intended, in the character of cases therein specified, to act as a substitute for said Code provision. Sitting for the purpose of such a hearing, a member of this court is a court in the proper and usual sense of that term. 11 Cyc. 652–655, and authorities cited in the note. The rules of courts of record cannot rest in parol, but must be placed upon the record of the court (11 Cyc. 744), and the necessity for records of courts of such character and what constitutes the record, is pointed out in 11 Cyc. 762, 763, and the cases cited therein.

The matter of settling and signing the bill of exceptions, presenting, as it frequently does, a contested issue of fact, is one of much importance, and, being a judicial proceeding in a court of record, we are of the opinion, in the light of the foregoing rules of law, that the statute must necessarily be construed to the effect that the order fixing the time and place of hearing, and prescribing the notice to be given, must be in writing and become a part of the record of the cause. Such an order is an essential prerequisite to the establishment of the bill of exceptions, and, there appearing no such order in the record, we entertain the view it cannot be established by parol, and that the motion to strike upon this ground is well founded.

[5, 6] It is a well-understood general rule that, where a statute directs notice to be given, and is silent as to the manner of giving it, personal service is necessary. 29 Cyc. 1119. And it was equally as well settled that, wherever notice is required or authorized by statute, written notice is understood. 29 Cyc. 1117. Here the statute is silent as to whether there shall be personal service of notice, and also as to whether the notice shall be in writing. The rules of law, above stated, clearly show, however, that in the instant case the statute must read as signifying a necessity for personal service and for written notice.

While the statute provides that the member of this court shall prescribe the notice to be given to the opposite party, we think, very clearly, this was intended to have application as to the length of time only, and not in any manner to be in conflict with the general rules of law just stated. Of course, there may be acceptance of notice, as well as waiver thereof, but neither is shown in the instant case, and it is without dispute there was no personal service by written notice.

[7] It is well settled that proceedings to establish a bill of exceptions are of statutory origin, and must be strictly pursued. 3 Cyc. 35.

[8] As shown herein, we construe the act as requiring an order in writing fixing the time and place of the hearing, and prescribing the notice as well; also, as personal service by written notice, neither of which appears

in the instant case. The requirements, therefore, of said act of 1915 have not been met, and it must follow that the motion to strike the bill of exceptions be sustained, and the bill of exceptions stricken.

The record proper contains no error, and it results that the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, MILLER, and BOULDIN, JJ., concur.

SAYRE, J. (dissenting). This notion that a judge of this court, proceeding under section 6436 of the Code of 1923, the act referred to in the prevailing opinion, to hear the evidence on a motion to establish a bill of exceptions, has no authority so to proceed until he has made a perpetual memorial of the time and place of such hearing—this, I suppose, for fear the thing might be done in a corner—is not in accord with the practice in this court in previous cases of the sort.

Now it is said in effect that the writer hereof, a member of this court, in the matter of establishing the bill of exceptions was a court, a court of record, and that what was done in that behalf can be shown only by a solemn record, a perpetual memorial, and that the indorsement on the proposed bill of the true date of its presentation and the finding that it was a correct bill, of which last a memorial was made, are not enough, and the bill must be stricken, no matter what notice in fact special counsel may have had. What was done, in my judgment, was done according to the statute, and no perpetual memorial, other than a notation of the filing and finding, was necessary. No other requirement can be found in the statute. Its language is that, the—

"chief justice or associate justice shall indorse thereon [on the proposed bill of exceptions] the true date of presentation to him, and fix a time and place for hearing the matter of settling and signing such bill and prescribe the notice to be given the counsel for the opposite party."

There can be no argument that the Supreme Court of Alabama collectively, as an organized unit, as a court, has anything to do with the settling and signing of bills of exceptions, such as fall within the field in which section 6436 operates. The individual judge alone functions, and, while his finding is in the nature of a judicial act, to say that he is a court of record, within the meaning of the citations from 11 Cyc., is a misuse of terms. The alleged requirement of a perpetual memorial of interlocutory orders, save only in the matter of indorsing the date of presentation, finds no real support in the citations mentioned. The express require-

ment of the indorsement of the date of presentation by necessary implication excludes the idea that any other indorsement is necessary to the valid exercise of authority under the statute. "Expressio unius," etc. The majority opinion concedes that the strict letter of the statute does not require the order fixing the time and place for the hearing and prescribing the notice to be in writing. The result is that a remedial statute is construed loosely, liberally, I will say, to cut off the right of the party seeking the relief the statute was intended to give; more accurately speaking, in my judgment, the statute is amended by construction with that effect.

As for the notice, the statute authorizes the justice to "prescribe the notice to be given the counsel for the opposite party," and that is what was done in this case. 29 Cyc. 1117, is cited to the proposition that, "wherever notice is required or authorized by statute, written notice is understood." Some New York cases are cited in support of the text, which I submit on the authorities is too broad. One case, Pearson v. Lovejoy, 53 Barb. 407, had to do with the matter of perfecting an appeal by notice under the statute; and Jenkins v. Wild, 14 Wend. 545, had to do with notice which had the effect of limiting the right of appeal. Another, Gilbert v. Columbia Turnpike Co., 3 Johns. Cas. 107, had to do with notice at the beginning of a proceeding to condemn property for public use, the equivalent of a summons in the ordinary case. I do not understand why Foley v. Mayor, 1 App. Div. 586, 37 N. Y. S. 465, should be cited, for there the statute required that notice should be filed, and the court observed that "a notice by word of mouth cannot be filed." Nor do I understand why Miner v. Clark, 15 Wend. 425, should be cited. There the ruling was: "In an action on a covenant of warranty in a deed of lands from which the grantee has been evicted, parol notice"—meaning verbal notice, as the facts show—"to the grantor of the commencement of the ejectment suit is sufficient; the notice need not be in writing." And this was the judgment of the Court of King's Bench in Rex v. The Justices of Surrey, 5 B. & Ald. 539:

"We are of opinion that, where a statute requires reasonable notice to be given, it does not necessarily mean that the notice should be in writing, but only that as to time or number of days it should be reasonable. Here, however, as the fact is disputed, we shall only grant a mandamus to the justices commanding them to examine whether reasonable verbal notice has been given, and, in that case, to enter continuances and hear the appeal."

I think the correct rule is laid down in 21 Am. & Eng. Encyc. Law (2d Ed.) 583, where it is said, with citation of adjudicated cases, that:

"If the character of notice to be given in a judicial proceeding is not prescribed by stat-

ute, it is the duty of the court in which the proceeding is begun to direct the kind of notice that shall be given."

To the same effect is 20 R. C. L. p. 343, § 4. I think these authorities sustain my view of this question.

It is said- that the section in question is a substitute for section 6435 of the Code of 1923 (section 3021 of the Code of 1907). The two sections disclose their difference on their face—one (6435) is a proceeding in very material part against the trial judge; the other a mere substitution of a judge of this court for the trial judge, who, for some reason specified in the section (6436), is unable to settle the bill of exceptions. This difference this court has frequently recognized. So the statement of the opinion is error, though that, so far as concerns the question at issue, is a matter of no importance.

My judgment is that, construing the statute without disfavor to the parties for whose relief it was intended; it does not require, nor is there any very great reason why it should require, that a notice promulgated for the convenience of the parties by the judge engaged in the interlocutory business of settling a bill of exceptions should be in writing, and that, if the court desires to establish a rule different from that which has heretofore prevailed, it should not be made to operate retrospectively; and therefore, at least, since counsel for defendant, who was trying to perfect his appeal by the only means afforded him, did all that was required of him in the matter of notice—this I shall assume until the court, upon consideration of the evidence, finds the contrary—he was in no sort responsible for the alleged blunders which are adjudged to have cut off his client, and it would seem that an administration of law, with a view to the ends of justice, would suggest that the appellant defendant be now given that opportunity to establish his bill, which, it may be presumed, the statute intended to afford to all persons in his category.