PER CURIAM.
Strickland, a non-tenured school teacher, appeals from a judgment of the Mobile County Circuit Court, affirming the actions of the Board of School Commissioners of Mobile County, regarding non-renewal of his employment contract. We reverse.
Strickland was employed by the School Board in October, 1972, under a written contract, and taught the remainder of the school year. He was re-employed by written contract for the 1973-74 school year. His contract was not renewed for the 1974-75 year.
On May 22, 1974, at its regular meeting, the School Board, acting on the recommendation of the Personnel Division of the School System, voted not to renew Strickland’s contract for the coming year. This action was 9 days before the close of the current term ending May 31. On May 23, the Assistant Superintendent in charge of the Personnel Division, wrote a letter to Strickland advising him that the School Board had not renewed his employment contract. This letter was addressed to Strickland at 3158 Seabreeze Road, Mobile, Alabama. He testified that he did not receive the letter prior to May 31; that during this time he was living in an apartment at 4003-B Seabreeze Road. However, he testified he had received other mail addressed to him at the incorrect address within a matter of two to five days after they were dated. He further testified that he received the May 23 letter a few days after May 31.
Strickland, having “wind that the axe was about to fall,” reviewed his personnel file on May 24, and did not find a copy of the May 23 letter in it. But, on a similar mission on or about June 4, he discovered a copy of the May 23 letter in his file. Even *177 tually, he obtained a copy of this letter from the custodian after June 4 or 5.
Litigation began when Strickland filed a petition for mandamus against the School Board, the individual members, the Superintendent of the School System, and other administrative employees. The petition alleged arbitrary, capricious, unlawful, and unjust conduct. The defendants responded to a show cause order, and extraneous parties were stricken. The issue was narrowed to whether or not the School Board failed to comply with the requirements of Title 52, § 361(2) of the 1958 Code for the non-renewal of the contract of a non-tenured teacher. Under this section the contract of a teacher is deemed renewed unless the School Board “[S]hall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed . . . ”
The trial court granted the School Board’s motion for a directed verdict because it found: (1) that the School Board had met its statutory obligation [imposed by Title 52, § 361(2), Code of Alabama, 1940 (Recompiled 1958)] to “cause notice in writing to be given” Strickland before May 31, 1974, of the action of the Board not to renew his contract of employment for the ensuing year; (2) that Strickland had admitted that “he had actual knowledge of the action of the Board prior to” May 31, 1974; and (3) that Strickland had “acquired from other sources actual knowledge of the formal action of the School Board.”
We have been unable to find in the record sufficient evidence to substantiate these findings.
With respect to the first finding, we opine the learned trial judge was mistaken in his assertion from the bench “that the notice was not given prior to the last day of the school term would not be fatal.” The statute would become meaningless if it is interpreted to mean that the Board discharges its responsibility when it takes action and sends a letter by mail to the nontenured teacher. It must show the notice was given to the teacher before the end of the term in order for the statute to have any meaning whatsoever. The evidence will not support the trial judge’s first finding that the Board discharged its statutory obligation. The evidence will simply admit of the conclusion that the Board sent the notice to Strickland at an incorrect address but it was not timely received, for aught appearing.
As to the second finding by the trial court that Strickland “admits that he had actual knowledge,” we find no evidence at all in the record to substantiate this.
As to the third finding, there is at most the suggestion in the Board’s brief that, because Strickland admits he talked to Dr. Hanebuth about his case, and because Dr. Hanebuth was present at the School Board meeting when the action was taken, Dr. Hanebuth must have told him of the action. As this case went off on directed verdict, there was, of course, no opportunity for Dr. Hanebuth to be called to testify for the Board on this matter.
We conclude that, notwithstanding the ore tenus rule, the trial judge’s findings were plainly and palpably erroneous, and he was in error in directing judgment for the School Board.
REVERSED AND REMANDED.
HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.
FAULKNER, Justice (concurring specially)-