Faulkner, Justice
(concurring specially).
I concur with the holding that the evidence is not sufficient to support the trial court’s finding on notice.
The issue, to me, is whether the School Board complied with the statute by mailing the letter informing Strickland that he was fired. (I realize the term “contract not renewed” is contemplated in the statute, but that is a soft glove term for a bare-knuckled fact, i. e., “You’re fired.”) Is a mailed letter the mode of service of notice contemplated by the statute? I would hold *178 that it is not. This court stated in Naro v. State, 212 Ala. 5, 101 So. 666 (1924):
“It is a well-understood general rule that, where a statute directs notice to be given, and is silent as to the manner of giving it, persona] service is necessary.”
If the Legislature had contemplated notice in any manner other than by personal service, it would have so provided. It would have been a simple matter for the Assistant Superintendent or Personnel Officer to hand Strickland a copy of the May 23 letter when he reviewed his file on May 24.
I would hold that giving notice to a school teacher, under § 361(2), Title 52, that his or her contract of employment is not to be renewed by the School Board, required notice by personal service upon the teacher. I do not intend to infer that service must be performed by the sheriff, or other lawful officer. On the other hand, any agent of the Board could hand the teacher the notice of non-renewal of contract. Mailing a letter of notice by regular mail service is a poor method of complying with the statute.