718 So.2d 1145 (1998)
Gracie STILLS
v.
ALABAMA STATE TENURE COMMISSION.
2970537.
Court of Civil Appeals of Alabama.
July 31, 1998.
*1146 Ernestine S. Sapp of Gray, Langford, Sapp, McGowan & Nathanson, Tuskegee, Gregory B. Stein of Stein & Brewster, Mobile, for appellant.
Sydney S. Smith of Smith & Smith, P.C., Phenix City, for appellee.
WRIGHT, Retired Appellate Judge.
On April 23, 1997, Gracie Stills, a tenured teacher employed by the Phenix City Board of Education, was accused of striking a student. On May 22, 1997, the Phenix City superintendent of schools recommended that the Board terminate Stills's employment contract. On May 30, 1997, the last day of the school term, the superintendent mailed, by certified mail, a letter to Stills, notifying her of the proposed cancellation of her contract and of a June 30, 1997, hearing on the proposed cancellation. Stills received the certified letter on June 2, 1997. On June 11, 1997, Stills, through her attorney, notified the superintendent that she had not received timely notice of the cancellation of her contract and that, therefore, she would not attend the June 30, 1997, hearing.
The Board held a hearing on June 30, 1997; Stills did not attend. The Board notified Stills in a letter dated July 1, 1997, that it had voted to cancel her employment contract. On July 9, 1997, Stills filed a notice of appeal to the State Tenure Commission, contesting the timeliness of the notice of cancellation. On August 13, 1997, the Tenure Commission upheld the Board's cancellation of Stills's employment contract. Stills filed a petition for a writ of mandamus in the Russell County Circuit Court. Following the submission of briefs and argument of counsel, the trial court entered a judgment, denying Stills's petition.
Stills appeals, contending that the Board failed to comply with the notice provision of § 16-24-12, Ala.Code 1975.
A circuit court may reverse the determination of the Tenure Commission only if the court finds that the Tenure Commission has failed to comply with the procedural requirements of the tenure laws or has rendered *1147 a judgment that is unjust. Ex parte Alabama State Tenure Comm'n, 595 So.2d 479 (Ala.1991). This court presumes that the decision of the Tenure Commission is correct, and this court will overturn the decision only if we find overwhelming evidence contrary to the decision. Ex parte Alabama State Tenure Comm'n.
Section 16-24-12, Ala.Code 1975, provides, in pertinent part, as follows:
"Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed...."
Stills contends that although the notice of the cancellation of her employment contract was mailed on May 30, 1997, the last day of the school term, she did not receive the notice of cancellation until June 2, 1997, and that, therefore, she was not given the notice required by § 16-24-12. The Board, citing Elliott v. Bd. of Equalization & Adjustment of Jefferson County, 469 So.2d 602 (Ala.Civ. App.1984), argues that the date that the notice was mailed by certified mail controls, rather than the date that Stills received the notice.
Our supreme court addressed the same issue in Strickland v. Berger, 336 So.2d 176 (Ala.1976). In Strickland, the board sent Strickland a notice of cancellation on May 23, 1974; however, Strickland did not receive the notice until a few days after the end of the school term. Strickland filed a petition for a writ of mandamus in the Mobile County Circuit Court. The trial court found that the board had met its statutory obligation and granted the board's motion for a directed verdict. Strickland appealed. The supreme court reversed the judgment of the trial court, stating as follows:
"The statute [Title 52, § 361(2), Ala.Code 1940] would become meaningless if it is interpreted to mean that the Board discharges its responsibility when it takes action and sends a letter by mail to the nontenured teacher. It must show the notice was given to the teacher before the end of the term in order for the statute to have any meaning whatsoever. The evidence will not support the trial judge's first finding that the Board discharged its statutory obligation. The evidence will simply admit ... that the Board sent the notice to Strickland at an incorrect address but it was not timely received, for aught appearing."
Strickland, 336 So.2d at 177 (emphasis in original). Title 52, § 361(2) was a predecessor to § 16-24-12 and contained the identical notice provision. Our supreme court has further held that the notice provision of § 16-24-12 applies to tenured teachers, as well as nontenured teachers. Ex parte Jackson, 625 So.2d 425 (Ala.1992). Additionally, our supreme court has stated that "where a statute directs notice to be given, and is silent as to the manner of giving it, personal service is necessary." Naro v. State, 212 Ala. 5, 6, 101 So. 666, 668 (1924).
The statute discussed in Elliott, Tit. 51, § 82, Ala.Code 1940, specifically required notice to be given "by registered mail," unlike § 16-24-12, which is silent as to the manner notice is to be given. Consequently, we find that our holding in Elliott is inapplicable to § 16-24-12 and that § 16-24-12 requires that a teacher receive the notice of cancellation on or before the last day of the school term. Strickland, supra. See also Athens City Bd. of Education v. Reeves, 388 So.2d 515 (Ala.1980).
Based upon our review of the record, we conclude that Stills did not receive notice of the cancellation on or before May 30, 1997, the last day of the school term, and that the Board failed to comply with the notice requirements of § 16-24-12. Accordingly, we conclude that the judgment of the Tenure Commission was unjust.
Therefore, we reverse the judgment of the trial court and remand the case for entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge *1148 of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., concur specially.
CRAWLEY, Judge, concurring specially.
Judge Wright correctly states the supreme court's holding in Ex parte Jackson, 625 So.2d 425 (Ala.1992) that Ala.Code 1975, § 16-14-12, requires that a school board, on or before the last day of the school year, notify a tenured teacher of its decision not to renew his or her contract. The court noted that a failure to give this timely notice could result in prejudice to a teacher, especially preventing the teacher from obtaining another teaching position before the beginning of the next school year. I urge the supreme court to clarify its holding in Ex parte Jackson and decide whether a teacher is required to show prejudice resulting from the untimely notification of nonrenewal of his or her contract.
THOMPSON, J., concurs.