PER CURIAM.
Robert L. Harrison appeals from a summary judgment in favor of the State Department of Industrial Relations (“DIR”). The summary judgment was based upon Harrison’s failure to timely file an appeal of DIR’s determination that he was ineligible to receive unemployment-compensation benefits.
The record indicates the following. Harrison, who has appeared pro se throughout these proceedings, filed a claim with DIR for unemployment-compensation benefits on February 24, 2008. On March 20, 2008, DIR mailed Harrison a “Notice of Determination” (“the notice”) denying *133 Harrison’s claim. The notice consists of a completed preprinted form, known as a Form BEN-11, and includes instructions on how to appeal from an adverse ruling. The instructions state that an appeal must be filed within 15 calendar days from the date the notice is mailed to the claimant. In this case, the notice was mailed by first-class mail, postage prepaid, to Harrison’s last known address,' and it was not returned to DIR as uhdeliverable. Harrison claimed he did not receive the notice.
On December 9, 2008, more than eight months after the notice had been mailed, Harrison attempted to appeal from the denial of his claim. On December 11, 2008, DIR sent Harrison a notice that his appeal was deemed late, but DIR granted a hearing on the issue of the timeliness of his appeal. The hearing was held on February 24, 2009, after which the administrative hearing officer who heard the appeal issued a decision that Harrison’s appeal was untimely. On February 26, 2009, that decision was mailed to Harrison at the same address as the other notices.
Harrison timely appealed the hearing officer’s decision to the DIR Board of Appeals. The Board of Appeals “disallowed” Harrison’s appeal. Harrison then timely filed an appeal with the Jefferson Circuit Court. DIR moved for a summary judgment on the ground that Harrison had failed to timely appeal the March 2008 determination denying his claim. After a hearing on the motion, the trial court entered a summary judgment in favor of DIR. Harrison timely appealed to this court.
“We review a summary judgment de novo. American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786 (Ala.2002).
“ We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the .burden shifts to the non-movant to present substantial evidence creating a genuine issue of material fact. “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw.’
“Nationwide Prop. & Cas. Ins. Co. [v. DPF Architects, P.C.], 792 So.2d [369] at 372 [ (Ala.2001) ] (citations omitted), quoted in American Liberty Ins. Co., 825 So.2d at 790.”
Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala.2002).
The only issue Harrison raises on appeal is whether DIR violated § 41-22-16(d), Ala.Code 1975, of the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala.Code 1975, by sending the initial notice of the denial of his claim for benefits by first-class mail rather than by certified mail. Section 41-22-16(d) provides as follows:
“(d) Parties shall be notified either personally or by certified mail return receipt requested of any order and, unless waived, a copy of the final order shall be so delivered or mailed to each party or to his attorney of record. Provided, however, that, except as hereinafter provided, notification of any order other than a final decision or order subject to judicial- review may, where permitted by existing statute, be delivered by first class mail, postage prepaid, *134 and delivery shall be effective upon deposit of the notice and, unless waived, the final order in the mail; provided, the notification of the final order subject to judicial review, together with a copy of the final order, shall be delivered either by personal service as in civil actions or by certified mail, return receipt requested.”
(Emphasis added.)
The issue whether the notice of determination, i.e., the completed DIR Form BEN-11, was a “final decision or order subject to judicial review” was not explicitly raised before the trial court. However, Harrison did argue in the trial court that DIR was required to send the notice to him by certified mail, return receipt requested, and that it violated the requirements of the AAPA when it mailed the notice by first-class mail. Therefore, implicit in the trial court’s judgment is a determination that the notice at issue was not a “final decision or order subject to judicial review” required to be sent by certified mail.
In his argument that the notice had to be mailed to him by certified mail, Harrison ignores earlier provisions in § 41-22-16 that describe final orders that must be sent to the parties by certified mail. Those provisions provide as follows:
“(a) The final order in a proceeding which affects substantial interests shall be in writing and made a part of the record and include findings of fact and conclusions of law separately stated, and it shall be rendered within 30 days:
“(1) After the hearing is concluded, if conducted by the agency;
“(2) After a recommended order, or findings and conclusions are submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer; or
“(3) After the agency has received the written and oral material it has authorized to be submitted, if there has been no hearing. The 30 day period may be waived or extended with the consent of all parties and may be extended by law with reference to specific agencies.
“(b) Findings of fact, if set forth in a manner which is no more than mere tracking of the statutory language, shall be accompanied by a concise and explicit statement of the underlying facts of record which support the findings. If, in accordance with agency rules, a party submitted proposed findings of fact or filed any written application or other request in connection with the proceeding, the order shall include a ruling upon each proposed finding and a brief statement of the grounds for denying the application or request.”
§ 41-22-16, Ala.Code 1975 (emphasis added).
The initial notice sent to Harrison informing him that DIR had denied his claim was not a “final order” that resulted from a proceeding. At the point the notice was mailed to Harrison, nothing had yet been contested; there was no arbiter considering the assertions of each party who could have issued a final order. As § 41-22-16(d) provides, notices other than final decisions or orders may be sent first-class mail.
Furthermore, the March 20, 2008, decision was not a “final decision or order subject to judicial review ” so as to mandate notice by certified mail under Ala. Code 1975, § 41-22-16(d) (emphasis added). Alabama’s unemployment law provides that “[n]o circuit court shall permit an appeal from a decision allowing or disallowing a claim for [unemployment] benefits unless the decision sought to be reviewed is that of an appeals tribunal or of *135 the board of appeals and unless the person filing such appeal has exhausted his administrative remedies ...§ 25-4-95, Ala.Code 1975 (emphasis added). Further, § 25-4-91(c)(l), Ala.Code 1975, requires merely that notice of decisions on unemployment claims be “promptly given to the claimant and the claimant’s last employing unit by delivery thereof or mailing such notices to their last known addresses ” (emphasis added). Service authorized by mail is completed upon mailing, not upon receipt. See Elliott v. Board of Equalization & Adjustment of Jefferson County, 469 So.2d 602, 604 (Ala.Civ.App.1984); McCoy v. Bureau of Unemployment Compensation, 81 Ohio App. 158, 161-62, 77 N.E.2d 76, 78 (1947).
DIR did not violate the AAPA by sending the initial notice of determination to Harrison by first-class mail. Harrison failed to timely appeal from that notice. Accordingly, the trial court’s summary judgment in favor of DIR is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., dissents, with writing, which BRYAN, J., joins.