MOORE, Judge.
The Alabama Department of Labor (“the Department”) appeals from a judgment entered by the Montgomery Circuit Court (“the trial court”) awarding Latrese Davis $4,865. We reverse.
Davis filed a claim for, and received, unemployment-compensation benefits in 2006 and early 2007. The Department subsequently determined that Davis was ineligible for unemployment-compensation benefits beginning October 8, 2006, and that it had overpaid Davis unemployment-compensation benefits during her period of ineligibility. The Department informed Davis of its determinations by mailing several notices of determination to her last known address on April 30, 2007. Those notices informed Davis of the various dates and amounts of overpayments the Department claimed, totaling $5,060, and explained that Davis had until May 7, 2007, to appeal those determinations. Davis did not appeal those determinations.
Records from the Department indicate that Davis contacted the Department on April 7, 2008, to make arrangements to repay the $5,060; however, Davis never made any voluntary payments to the Department. In 2008 and 2010, the Department intercepted a total of $195 in state income-tax refunds and applied that amount toward the balance owed by Davis. On October 15, 2012, the Department informed Davis by letter that she still owed $4,865 and that, if Davis did not pay that debt, it would intercept part of her expected 2013 federal income-tax refund to satisfy the debt.
In early 2013, the Department intercepted $4,865 of Davis’s federal income-tax refund to cover the remaining balance of the overpayments. Davis contacted the Department and requested that it review her case. On February 13, 2013, the Department issued a “Determination on Request for Review of Overpayment” confirming that Davis still owed $4,865 and notifying Davis that it would retain that amount from her federal income-tax refund to settle the debt. Davis appealed the decision to intercept a portion of her federal income-tax refund to the Hearings and Appeals Division of the Department. After a telephonic hearing, an administrative hearing officer determined that the Department had acted within its authority in intercepting a portion of Davis’s federal income-tax refund. The Department mailed a copy of that decision to Davis on March 26, 2013. Davis mailed a letter indicating her disagreement with that decision to the State Board of Appeals for the Department, which treated the letter as an application for leave to appeal to that body and which denied that application on April 5, 2013.
On April 8, 2013, Davis filed a document in the trial court, contesting the right of the Department to intercept a portion of her federal income-tax refund. In that document, Davis asserted that she had not received the original notices of determination mailed on April 30, 2007, that she had not been in telephone contact with the Department after March 2007, and that she was unaware of any overpayment. Davis also contended, although somewhat vaguely, that she should never have been deemed ineligible for unemployment-compensation benefits. The Department filed an answer disputing all the allegations asserted by Davis. On May 24, 2013, the Department filed a motion for a summary judgment.
*338 The trial court scheduled a bench trial for September 5, 2013. On that date, Davis appeared pro se, and counsel and a representative from the Department appeared. The trial court informally questioned the parties about the case and urged the parties to work out a settlement, indicating that it seemed harsh that Davis had to repay the Department. The trial court adjourned the trial and, without having received any evidence, entered a judgment awarding Davis $4,865 later that day. The Department filed a postjudgment motion to alter, amend, or vacate the judgment on September 17, 2013. The trial court scheduled a hearing on the motion for October 8, 2013, but it did not rule on the motion, so it was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. The Department timely appealed to this court.
On appeal, the Department argues that the trial court acted beyond its jurisdictional authority in awarding Davis $4,865 and that it erred in waiving the Department’s right to intercept part of Davis’s federal income-tax refund. We agree.
Section 25-4-78(2), Ala.Code 1975, a part of the Alabama Unemployment Compensation Act (“the Act”), § 25-4-1 et seq., Ala.Code 1975, provides that .an individual shall be disqualified from receiving unemployment-compensation benefits for a variety of reasons. Pursuant to § 25-4-91, Ala.Code 1975, the Department bears the responsibility for determining whether a claimant has become disqualified from receiving unemployment-compensation benefits. Once that determination is made, § 25-4-91(c)(l), Ala.Code 1975, provides that the Department' must promptly notify the claimant of its adverse determination “by delivery thereof or by mailing such notice[ ] to [the claimant’s] last known address[].” Under § 25-4-91(d)(l), Ala. Code 1975, the determination becomes final if the claimant does not appeal within 15 calendar days after the notice was mailed to his or her last known address.
In this case, on April 30, 2007, the Department determined that Davis had become disqualified to receive unemployment-compensation benefits. The Department decided that Davis should not have received unemployment-compensation benefits dating from October 8, 2006, forward. The Department mailed several notices of that determination to the last known address provided by Davis. Davis did not appeal within 15 days; thus, the Department’s determination as to Davis’s disqualification became final.
Under § 25-4-145(c)(l), Ala.Code 1975, any payment of unemployment-compensation benefits during a period of disqualification shall be subject to repayment. Based on that provision, the Department determined that Davis owed the Department $5,060 in overpaid unemployment-compensation benefits. The first sentence of § 25-4-145(c)(2), Ala.Code 1975, requires the Department to promptly give notice to the claimant of the determination of an overpayment and the reasons therefor. Although that sentence does not provide how the Department should serve notice, the second sentence of § 25-4-145(c)(2) provides that, “[u]nless such person, within 15 calendar days immediately following the date such notification was mailed to his or her last known address, files an appeal from such determination, such determination shall be final.” (Emphasis added.) Thus, the Department fulfills the notice requirement by mailing the determination of an overpayment to the last known address of the claimant. On April 30, 2007, the Department mailed several notices of determination as to over-payments to Davis at her last known address. Davis did not appeal from those *339 determinations within 15 calendar days; thus, those determinations became final.
In the trial court, Davis essentially contended that she did not receive the notices of determination as to her disqualification or as to the assessment of overpayments, implying that she no longer resided at the address to which the Department had mailed the notices. However, Davis did not dispute that the Department had mailed the notices to the last address she had provided to the Department as of April 30, 2007. Hence, that address constituted her, “last known address” for the purposes of any service by the Department. The fact that Davis may have moved and that she did not actually receive the notices is immaterial because “[s]ervice authorized by mail is completed upon mailing, not upon receipt.” Harrison v. State Dep’t of Indus. Relations, 42 So.3d 132, 135 (Ala.Civ.App.2010). Thus, the Department properly notified Davis of the determinations both as to her disqualification and as to the overpayments subject to recoupment.
Based on the finality language contained in §§ 25-4-91 and 25-4-145, the trial court did not have any authority to overturn the determinations of the Department that Davis was disqualified from receiving unemployment-compensation benefits from October 8, 2006, or that she had been overpaid and owed the Department $5,060. Treating the document Davis filed in the trial court as a notice of appeal of those adverse determinations, it is apparent that any such appeal came far too late for consideration by any appellate body. The Alabama “unemployment compensation law does not contain a good cause exception based upon equity” for filing a late appeal. Haigler v. Dep’t of Indus. Relations, 512 So.2d 113, 114 (Ala.Civ.App.1987).
After the Department intercepted $4,865 from Davis’s federal income-tax refund in early 2013, Davis notified the Department that she contested its right to do so. An administrative hearing officer conducted a telephonic hearing on the matter. After that hearing, the hearing officer issued a decision in which it concluded that the SSI Extension for Elderly and Disabled Refugees Act, Pub. Law No. 110-328, 122 Stat. 3567, codified at 26 U.S.C. § 6402, authorized the Department to collect any debt arising from the overpayment of unemployment-compensation benefits from the payee’s federal income-tax refund. Davis filed an application for leave to appeal that decision to the Board of Appeals for the Department, which application was denied. Section 25-4-95, Ala.Code 1975, provides that a party aggrieved by a decision of the Board of Appeals may seek judicial review of that decision within 30 days after the decision becomes final. Treating the document Davis filed in the trial court as a petition for judicial review under § 25-4-95, that petition invoked the jurisdiction of the trial court to review the Board of Appeals’ determination to affirm the decision of the administrative hearing officer that the Department acted within its authority in intercepting part of Davis’s federal income-tax refund to satisfy its claim for $4,865 for the overpayment of unemployment-compensation benefits.
By awarding Davis $4,865, the trial court impliedly decided that the Department did not have the authority to intercept part of her federal income-tax refund. That determination was in error. Section 25-4-91 does not provide a procedure for the collection of overpayments of unemployment-compensation benefits; consequently, the Department “is relegated to any one of the methods authorized by other law to collect the amount owed ... as the result of the overpayment of *340 benefits.” Cargill v. State Dep’t of Indus. Relations, 428 So.2d 62, 65 (Ala.Civ.App.1982). Public Law No. 110-828, § 8(a), codified at 26 U.S.C. § 6402(f)(1), provides, in pertinent part:
“Upon receiving notice from any State that a named person owes a covered unemployment compensation debt to such State, the Secretary shall ...
“(A) reduce the amount of any overpayment payable to such person by the amount of such covered unemployment compensation debt [and]
“(B) pay the amount by which such overpayment is reduced ... to such State.... ”
That provision authorizes the Department to notify the Internal Revenue Service of any unemployment-compensation debt owed to the Department in order to recover that debt from any federal income-tax refund. The Department thus had the lawful authority to intercept a portion of Davis’s federal income-tax refund to satisfy the debt she owed as established in the final determinations issued by the Department in 2007, as the administrative hearing officer correctly determined.
The trial court may have determined that the debt should be waived. Section 25-4-145(d)(l) authorizes the director of the Department to “waive over-payments under such procedure and conditions as he or she may by regulation prescribe.” However, that provision does not authorize a circuit court to waive any overpayments on behalf of the Department. See Alabama Dep’t of Indus. Relations v. Frazier, 115 So.3d 175 (Ala.Civ.App.2012). Davis did not present any evidence indicating that the director of the Department had agreed to waive the debt. To the contrary, the record indicates that the Department has consistently maintained its right to recover the debt in full. Thus, the trial court could not have awarded Davis the $4,865 based on any waiver theory.
Based on the record before us, the trial court had no lawful basis for awarding Davis $4,865. Its judgment is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.