Two issues are presented for our review in this case: First, whether this Court should overrule the trial court's denial of appellant school teacher's request for mandamus ordering appellee school board to reemploy appellant because of insufficient notice of termination; and, second, whether the trial court was proper in refusing to grant appellant's motion to strike the decree prepared by counsel for appellee at the request of the trial court. We affirm the trial court's ruling on both issues. *Page 22 
 FACTS
Appellant Vera Gail Stollenwerck was a regularly employed non-tenured teacher in the Talladega County School System during the 1980-81 school term. The appellee school board passed a resolution on May 20, 1981, which reflected its decision not to renew her contract for the coming school year. The last day of the school term for the Talladega County School System was May 29, 1981.
Mrs. Stollenwerck testified, and the record shows, that she was absent from school on May 19 and 20 and was hospitalized on May 22 in Birmingham. She was released from the hospital on the morning of May 29, 1981. The notice of non-renewal was sent on May 22 to the principal of the school where Mrs. Stollenwerck was employed to be given to her upon her return. A certified letter containing the notice of non-renewal, postmarked May 25, 1981, was then sent to appellant's home address in Birmingham. Mrs. Stollenwerck was not at home to receipt for the letter, and she testified that, although she knew that the letter was from the school board, she did not go to the post office and pick up the letter following her release from the hospital.
Mrs. Stollenwerck further testified that she received a call on May 29, 1981, from Mr. Ed Hall, a representative of the Talladega County Board of Education, stating that he had a letter he wanted to deliver to her personally that day. Hall testified that Mrs. Stollenwerck advised him that she would be at the University of Alabama in Birmingham at the Sterne Library, involved with sorority activities. She also mentioned to Mr. Hall, as Hall testified, that she would be there all day and that it would be permissible to bring the letter of non-renewal to her at the library that afternoon. Hall testified that he and another school board representative arrived at the library at 12:00 noon. He did not find Mrs. Stollenwerck in the library, and, although he did not inquire as to the whereabouts of Mrs. Stollenwerck by name, he asked if there was any sorority function being conducted that afternoon and learned there was no such activity taking place. Hall did not attempt to call the appellant's home, although he stated he was unsuccessful in his search to locate her house. Mrs. Stollenwerck's version conflicts with the testimony given by Mr. Hall. Mrs. Stollenwerck testified that the meeting was to be at Sterne Library at 8:30 that evening but that she did not go to the library at 8:30 because she was eating out with her sorority at the time she said Mr. Hall was to meet her at the library. She did not return to her home until 3:30 a.m. the next day.
Appellant returned to work on June 2, 1981, to finish her school work and to turn in her supplies and reports. Mr. Hall attempted to deliver the letter of non-renewal at that time, but she refused to accept or sign anything. Consequently, Mr. Hall read her the notice of non-renewal.
At the conclusion of evidence, the trial court indicated that it was the court's decision that the peremptory writ of mandamus was due to be vacated and instructed the attorney for the school board to prepare a decree to that effect, which appellee's attorney did. The appellant contended that the decree contained extensive findings of fact and made a motion to strike the judgment. The trial court never ruled on the motion to strike the judgment denying mandamus, and this appeal followed.
 I.
Alabama law requires that a probationary teacher, a teacher who is not tenured, must be given notice by the employing school board of that board's decision not to rehire for the succeeding school year, and the notification must be in writing and delivered on or before the last day of the term of the school in which the teacher is employed; otherwise, the teacher is deemed rehired for the next school year. Ala. Code 1975, §16-24-12. This section requires that the employing school board show that written notice was given before the end of the school term. Strickland v. Berger, 336 So.2d 176, 177 (Ala. 1976). The facts of this case indicate that the Talladega County School Board attempted but was unsuccessful *Page 23 
in delivering to Mrs. Stollenwerck written notice of her termination on or before May 29, 1981, the last day of the school term. The record discloses that Mrs. Stollenwerck had reason to believe that she would not be reemployed for the forthcoming school year. "Actual knowledge" of a teacher that she will not be rehired is not sufficient; there must be written notification of termination on or before the last day of the school term. Athens City Bd. of Ed. v. Reeves,388 So.2d 515, 516-618 (Ala. 1980).
Whether Mrs. Stollenwerck's actions evidence an intentional effort to avoid delivery of the notice of non-renewal is a question of fact. There are obvious conflicts in the testimony given by Mrs. Stollenwerck and Mr. Hall as to what transpired in their telephone conversation on the morning of May 29, 1981. His testimony supports a factual finding that she did deliberately avoid delivery of the letter. Because this Court as an appellate body is not afforded the advantage of observing the demeanor of the witnesses in the courtroom, believing one party and disbelieving the other is the function of the trier of fact, which is the trial court judge in this case. He believed the school board's version. The Greater FriendshipA.M.E. Church v. Spann, 336 So.2d 1087, 1091 (Ala. 1976). InFirst Alabama Bank of Montgomery v. Coker, 408 So.2d 510 (Ala. 1982), we concluded:
 "It is the policy of this Court to presume correct the findings of the trial court based upon competent evidence, when the evidence is presented ore tenus. Such findings will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous and manifestly unjust. Knapp v. Knapp, 392 So.2d 527 (Ala. 1981); Mayo v. Andress, 373 So.2d 620
(Ala. 1979); League v. McDonald, 355 So.2d 695
(Ala. 1978); Kjelstrom v. First National Bank of Montgomery, 335 So.2d 647 (Ala. 1976)." (Footnote omitted.)
408 So.2d at 512. Based on the evidence, we cannot say that the findings of the trial court in this instance are "palpably wrong, manifestly unjust" and, therefore, we affirm the trial court's judgment denying mandamus.
 II.
The second issue concerns the order denying mandamus prepared by appellee's attorney at the request of the trial court judge. Although the appellant's motion to strike was never ruled on and, thus, the issue is not technically before us, counsel for appellant contends that "the defense counsel has overstepped the limited license granted him by the trial court, and presented an order containing extensive findings of fact," and the court erred in accepting the order because Rule 52 of the Alabama Rules of Civil Procedure makes the findings of fact the responsibility of the trial court. We disagree. Rule 52 (a) reads in toto:
 "In all actions tried upon the facts without a jury or with an advisory jury, the court may upon written request and shall when required by statute, find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court may similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41 (b)."
We find no prohibition in the rule above which would forbid the delegation by a trial court to the prevailing attorney of the task of preparing a proposed order which includes findings of fact based upon the evidence in the case. Although this *Page 24 
Court has never ruled on the propriety of the practice of trial judges' allowing or requesting counsel for the prevailing party to prepare findings, the basic view by many jurisdictions which have considered the matter is that such practice is not improper. 54 A.L.R.3d 868 (1974). In fact, no reported case has been found in which the objection has met with actual success at the appellate level.[1] Id. at 870. The practice of having the prevailing attorney draw up an order is not uncommon in federal courts. See, e.g., Miller v. Tilley, 178 F.2d 526 (8th Cir. 1949). Therefore, the decree prepared by the attorney, but adopted by the trial judge as the court's decree, is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
ADAMS, J., not sitting.
[1] One case was found indicating that the practice was reversible error, but the case was not reversed because error had not been preserved on that ground. Nashville, C. S.L.R.Co. v. Price, 125 Tenn. 646, 148 S.W. 219 (1911).