INGRAM, Presiding Judge.
After an ore tenus proceeding, the trial court determined that two deeds and conditional sales contracts were intended to operate as a mortgage on certain property and should, therefore, be enforced as an equitable mortgage, pursuant to Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670 (1953).
On appeal, the appellant (Billy Beck-worth) concedes that Cousins is the applicable law. However, in the main, he argues that the appellee’s (Barbara Leonard) testimony is not credible and should not be given great weight. Therefore, he contends that the guidelines set out in Cousins have not been complied with.
We have reviewed appellant’s brief and find that the substance of his argument hinges on an attack of the trial court’s finding as to credibility. In light of this, we perceive no precedential value in setting out all the facts of the instant case. However, we do note that there were obvious conflicts in the testimony given by the ap-pellee and her witnesses and the appellant and his witnesses as to what actually transpired between the parties.
This court is not afforded the advantage of observing the demeanor of the witnesses in the courtroom. Believing one party and disbelieving the other is a function of the trier of fact, which is the trial judge in this case. Stollenwerck v. Talladega County Board of Education, 420 So.2d 21 (Ala.1982). Furthermore, where, as here, the trial court has received evi *1044 dence ore tenus, its finding of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust. Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala.1980). This is especially true in cases, such as the instant case, in which the trial court makes its finding of fact after hearing conflicting testimony. Leslie, supra. Every presumption in this instance will be indulged in favor of the trial court’s finding. Leslie, supra.
As noted above, the testimony here is sharply in dispute. However, we find that appellee’s version, if believed, would support a finding that the instrument in question was intended to operate as a mortgage. Obviously, the trial judge believed the appellee’s version. In view of the above, we cannot say that the trial court’s finding in this instance is erroneous or manifestly unjust.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.