INGRAM, Presiding Judge.
The Geneva City Board of Education filed a petition for declaratory relief against Donna Powell, requesting a declaratory ruling as to whether Powell had been properly terminated. The trial court determined that the board properly complied with the prescribed termination requirements. Powell appeals.
Section 16-24-12, Ala.Code 1975, provides, in pertinent part, the following:
“Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed .... ”
Oral notification under this section is not enough. It requires that the board show *1113 that written notice was given before the end of the school term. Johnson v. Selma Board of Education, 356 So.2d 649 (Ala.1978). “The purpose of this rule is to ensure that teachers have some measure of job security and to allow them freedom from the ‘vicissitudes of politics’ or the likes or dislikes of school administrators.” Johnson, supra, at 651. Since the purpose of the statute is to protect teachers, it must be liberally construed in their favor. Johnson, supra.
The record reveals that Powell was an employed nontenured teacher with the Geneva County school system during the 1987-88 school year. On May 12, 1988, the board voted not to renew Powell’s contract for the coming school year. The board instructed the superintendent to seek Powell’s resignation or to terminate her employment in the event she did not resign. On May 27, 1988, three days prior to the last day of school, the superintendent and Powell met to discuss her future employment. At that meeting, Powell informed the superintendent that she wished to resign for health purposes. On May 30, 1988, Powell called the superintendent and advised him that she had changed her mind and did not intend to resign. On May 31, 1988, the last day of school, Powell and the superintendent met in the superintendent’s office at approximately 7:30 a.m. At that time, Powell advised the superintendent that she would not resign and that she wanted her termination notice placed in her “box that day.”
The notice was placed in her box sometime between 10:30 a.m. and 11:00 a.m. Powell remained at the school, either in her room, in the hallway, or in the office, until at least 11:00 a.m. At the time she left the school, she had not received the notice. Powell went to lunch and then went home, where she remained for the rest of the afternoon and that night. Aware of the fact that Powell had left school without receiving notice, the superintendent mailed the notice to Powell’s residence. Powell received the notice at approximately 2:30 p.m. on June 1, 1988.
After hearing the evidence, the trial court resolved the matter in favor of the board and found the following:
“2. The actions of the School Board through its Superintendent comply with Alabama law. The Superintendent advised Mrs. Powell that her termination notice would be placed in her pick-up box where notices and information are routinely placed. Mrs. Powell advised the Superintendent that this was her preferred method of receiving notice, and the notice was actually placed there sometime during the morning of the last day of the school term. It is clear from the testimony that both parties understood that placing the notice in the teacher’s pick-up box would be the method of giving and receiving notice and that both parties were in agreement on this prescribed method. The court finds these actions by the Board, especially in light of Mrs. Powell’s instructions to the Superintendent to place the notice in her box on the day in question, are in compliance with Alabama Code, Section 16-24-12.
“3. Mrs. Powell’s failure to receive notice was due to her own avoidance of delivery of the notice. She was present in school on the last day of the school term. She had previously received instructions from the school that she, along with all other teachers', [was] to remain in school for the entire day. Mrs. Powell left school without authorization sometime during the morning of the last day of the school term, either prior to her notice being placed in her pick-up box or without checking to determine whether the notice was placed in the pick-up box. These actions by Mrs. Powell constitute an intentional avoidance of delivery of the notice.”
We are aware that the ore tenus rule is applicable in this instance. We have reviewed the record and find that it supports the trial court’s findings of fact. However, we find the trial court’s conclusion that the board was in compliance with the statute because Powell’s actions constituted an intentional avoidance of delivery of notice to be plainly and palpably wrong.
*1114 As noted previously, the statute places a heavy burden on the board to strictly comply with its provisions. The trial court’s holding shifts that burden to Powell. This it cannot do. The statute does not in any way place a duty on Powell to take some positive action to receive the notice.
The board had ample opportunity to serve notice on Powell. She was available at all times from May 12 through the last day of school on May 31. The fact that she selected the mode of delivery and left early on the last day of school without receiving the notice is of no significance here. On the afternoon of May 31, the superintendent was aware of the fact that Powell had left school without receiving the mandated notice. The superintendent was also cognizant of the statutory requirement. We can only deduce that, by mailing the notice on the late afternoon of the last day of school, the superintendent intentionally chose not to comply with the statute.
The board would have us find Stollenwerck v. Talladega County Board of Education, 420 So.2d 21 (Ala.1982), to be controlling. In Stollenwerck, our supreme court determined that, where a teacher intentionally avoids delivery of notice, that teacher may be deemed to have properly received notice. The facts in Stollenwerck are clearly distinguishable from the facts in this case. We do not find Stollenwerck to be controlling in this instance.
In accord with the above, this case is due to be reversed and remanded.
REVERSED AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.