The Geneva City Board of Education ("the Board") filed a complaint for a declaratory judgment, asking the Circuit Court of Geneva County to determine whether the Board had properly terminated the employment of a nontenured teacher, Donna Powell, in accordance with § 16-24-12. The trial court ruled that the Board was required to give notice under the statute; that the Board had, in fact, complied with § 16-24-12; and that Ms. Powell's failure to receive the notice of non-renewal of her contract was due to an intentional avoidance of delivery of the notice. Thereafter, the trial court denied Ms. Powell's motion to alter, amend, or vacate the judgment, or to grant a new trial and denied her "motion to open judgment." Ms. Powell appealed. The Court of Civil Appeals reversed the judgment and remanded, holding, in pertinent part, as follows:
 "We are aware that the ore tenus rule is applicable in this instance. We have reviewed the record and find that it supports the trial court's finding of fact. However, we find the trial court's conclusion that the board was in compliance with the statute because Powell's actions constituted an intentional avoidance of delivery of notice to be plainly and palpably wrong."
Powell v. Geneva City Board of Education, 575 So.2d 1112, 1113
(Ala.Civ.App. 1989). Subsequently, the Board filed a petition for the writ of certiorari, which we granted.
In its petition, the Board contended that its actions complied with the requirement of § 16-24-12[1] that "notice in writing be given to the teacher on or before the last day of the term" and that the Court of Civil Appeals' holding conflicted with Stollenwerck v. Talladega County Board ofEducation, 420 So.2d 21 (Ala. 1982).
We granted the Board's petition to determine whether the Court of Civil Appeals, in reversing, erred in holding that the trial court's judgment, which was based on findings of fact made upon ore tenus evidence, was plainly and palpably erroneous. In order to resolve this issue, we must determine whether the Court of Civil Appeals correctly applied the law to those facts. Life Ins. Co. of Georgia v. Miller, 292 Ala. 525,296 So.2d 900, on remand, 53 Ala. App. 741, 296 So.2d 907
(1974). In essence, we must determine whether the Court of Civil Appeals correctly applied the ore tenus standard of review.
Under the ore tenus rule, the trial court's findings of fact are presumed correct and its judgment based on these findings *Page 1116 
will be reversed only if it is found to be plainly and palpably wrong after a consideration of all of the evidence and all reasonable inferences that can logically be drawn from the evidence. See King v. Travelers Ins. Co., 513 So.2d 1023
(Ala. 1987); Robinson v. Hamilton, 496 So.2d 8 (Ala. 1986). The trial court's judgment will be affirmed if, under any reasonable aspect of the evidence, there is credible evidence to support the judgment. McCrary v. Butler, 540 So.2d 736
(Ala. 1989); Jones v. Jones, 470 So.2d 1207 (Ala. 1985). See, also, City of Birmingham v. Sansing Sales of Birmingham, Inc.,547 So.2d 464 (Ala. 1989).
The Court of Civil Appeals accurately set out the facts of this case as follows:
 "The record reveals that Powell was an employed nontenured teacher with the Geneva County school system during the 1987-88 school year. On May 12, 1988, the board voted not to renew Powell's contract for the coming school year. The board instructed the superintendent to seek Powell's resignation or to terminate her employment in the event she did not resign. On May 27, 1988, three days prior to the last day of school, the superintendent and Powell met to discuss her future employment. At that meeting, Powell informed the superintendent that she wished to resign for health purposes. On May 30, 1988, Powell called the superintendent and advised him that she had changed her mind and did not intend to resign. On May 31, 1988, the last day of school, Powell and the superintendent met in the superintendent's office at approximately 7:30 a.m. At that time, Powell advised the superintendent that she would not resign and that she wanted her termination notice placed in her 'box that day.'
 "The notice was placed in her box sometime between 10:30 a.m. and 11:00 a.m. Powell remained at the school, either in her room, in the hallway, or in the office, until at least 11:00 a.m. At the time she left the school, she had not received the notice. Powell went to lunch and then went home, where she remained for the rest of the afternoon and that night. Aware of the fact that Powell had left school without receiving notice, the superintendent mailed the notice to Powell's residence. Powell received the notice at approximately 2:30 p.m. on June 1, 1988.
 "After hearing the evidence, the trial court resolved the matter in favor of the board and found the following:
 " '2. The actions of the School Board through its Superintendent comply with Alabama law. The Superintendent advised Mrs. Powell that her termination notice would be placed in her pick-up box where notices and information are routinely placed. Ms. Powell advised the Superintendent that this was her preferred method of receiving notice, and the notice was actually placed there sometime during the morning of the last day of the school term. It is clear from the testimony that both parties understood that placing the notice in the teacher's pick-up box would be the method of giving and receiving notice and that both parties were in agreement on this prescribed method. The court finds these actions by the Board, especially in light of Mrs. Powell's instructions to the Superintendent to place the notice in her box on the day in question, [to be] in compliance with Alabama Code, Section 16-24-12.
 " '3. Mrs. Powell's failure to receive notice was due to her own avoidance of delivery of the notice. She was present in school on the last day of the school term. She had previously received instructions from the school that she, along with all other teachers, [was] to remain in school for the entire day. Mrs. Powell left school without authorization sometime during the morning of the last day of the school term, either prior to her notice being placed in her pick-up box or without checking to determine whether the notice was placed in the pick-up box. These actions by Mrs. Powell constitute an intentional avoidance of delivery of the notice.' "
575 So.2d at 1113. (Emphasis added.)
As we noted in Stollenwerck v. Talladega County Bd. of Ed., supra, where there *Page 1117 
is evidence that the teacher in question intentionally avoided receipt of the notice of nonrenewal, a question exists for the trier of fact. It must then be determined by the factfinder whether that avoidance thwarted the server's attempt at delivery under the statute.
There was conflicting evidence as to whether Ms. Powell intentionally avoided receipt of notice. The trial court, hearing ore tenus evidence, determined that Ms. Powell's actions "constituted an intentional avoidance of delivery of the notice." We have thoroughly reviewed the record, the briefs, and the Court of Civil Appeals' opinion; and after considering all of the evidence and all of the inferences that could logically be drawn from that evidence, we hold that the trial court could have reasonably inferred that Ms. Powell intentionally avoided receipt of notice. Thus, we hold that the trial court's judgment was not plainly and palpably erroneous.
The Court of Civil Appeals erred in reversing the judgment of the trial court. The judgment of the Court of Civil Appeals is reversed, and the case is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
[1] Section 16-24-12 reads as follows:
 "Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; and such teacher shall be presumed to have accepted such employment unless he or she shall notify the employing board of education in writing to the contrary on or before the fifteenth day of June. The employing board of education shall not cancel the contract of any teacher in continuing service status, nor cause notice of nonemployment to be given to any teacher whether in continuing service status or not except by a vote of a majority of its members evidenced by the minute entries of said board made prior to or at the time of any such action."