STEAGALL, Justice.
Defendants William L. Cloud and Cub-berd Enterprises, Inc., appeal from the trial court’s order awarding damages to the plaintiff, Callen Corporation of Alabama (“Callen Corporation”), and the trial court’s order enjoining the defendants from using the plaintiff’s property.
*1348 Cloud is the owner and president of Cub-berd Enterprises, Inc.[1] On March 24, 1983, Cloud entered into two commission marketing contracts with E.L. Garner, Inc. Cub-berd Enterprises was named in the body of the contracts as “the marketer”; however, Cloud signed the contracts as “the marketer” in his own name and not as president of the corporation. Pursuant to these contracts, Garner agreed to furnish gasoline and gasoline dispensing equipment to “the marketer,” and “the marketer” agreed to operate Garner’s gasoline dispensing equipment solely for Garner’s products. “The marketer” agreed to deposit all money from the sale of the gasoline into an account in Garner’s name. Garner agreed to pay “the marketer” one-half of the net profit on gasoline delivered to and sold by “the marketer.” The term of each contract was five years from “the date ‘the marketer' actually begins operation.”
On September 12, 1988, Callen Corporation purchased the commission marketing contracts and gasoline dispensing equipment from E.L. Garner, Inc., through the trustee in bankruptcy in the United States Bankruptcy Court for the Northern District of Mississippi. On September 20, 1988, Cloud and Cubberd Enterprises were notified of Callen Corporation’s purchase and ownership; they continued to use the gasoline dispensing equipment, but did not purchase gasoline from Callen Corporation.
On October 17, 1988, Callen Corporation sued Cloud and Cubberd Enterprises, requesting that the defendants be enjoined from interfering with the contracts and seeking specific performance of the obligations imposed on “it or him” by the contracts. Callen Corporation subsequently amended its complaint, adding a claim for damages for loss of profits resulting from the defendants’ interference with, and nonperformance of, the contracts.
The matter was presented to the trial court ore tenus on March 2, 1989. While the trial court denied specific performance, it entered an order enjoining Cloud and Cubberd Enterprises from using property owned by Callen Corporation and it awarded damages to Callen Corporation in the amount of $17,100 for the value of the use of the property from September 20, 1988, to March 2, 1989, and for loss of revenue.
After all post-judgment motions were denied, Cloud and Cubberd Enterprises appealed, arguing that the judgment is not supported by sufficient evidence and that the judgment does not respond to the issues.
In Ex parte Geneva City Board of Education, 575 So.2d 1114, 1115-16 (Ala.1990), this Court restated the ore tenus standard of review:
“Under the ore tenus rule, the trial court’s findings of fact are presumed correct and its judgment based on these findings will be reversed only if it is found to be plainly and palpably wrong after a consideration of all of the evidence and all reasonable inferences that can logically be drawn from the evidence. The trial court’s judgment will be affirmed if, under any reasonable aspect of the evidence, there is credible evidence to support the judgment.”
(Citations omitted.)
The trial court made the following findings of fact:
“(1) That the plaintiff, Callen Corporation, became the purchaser and owner of various items of personal property, including gasoline pumps and underground holding tanks, listed in plaintiff’s Exhibits 2 and 3, attached to and made a part of its complaint, which are incorporated in, and made a part of, this Decree. Said purchase and ownership was made through the U.S. Bankruptcy Court on September 12, 1988. The defendants, William L. Cloud and Cubberd Enterprises, Inc., a corporation, were given notice of such purchase and ownership on the 20th day of September 1988 by plaintiff’s President, James Dennis. Further, this sale included the marketing contracts existing between the defendants and E.L. *1349 Garner, Inc., the bankrupt^ also] included in said Exhibits 2 and 3, aforementioned. The Court further finds that the property listed in the Exhibits 2 and 3 have been in the possession and use of the defendants since September 20, 1988, and actually prior thereto but only pertinent to this case since September 20, 1988.
“(2) The Court further finds that the defendants continued to use plaintiffs property, without performing any of the obligations imposed by the contracts, including the payment of commissions, purchasing of petroleum products, filing any reports of sales, and retaining all profit and income for itself. The Court further finds that the defendants continued to use such property even to and during this trial, according to defendant Cloud’s own testimony. This has continued since September 20, 1988.
“(3) The Court further finds that the defendants operated two (2) stores where said property has been used in the sale and distribution of petroleum, to-wit, one store is located 1101 Litchfield Ave., Gadsden, Alabama 35903, and the other at 200 North Fourth St., Attalla, Alabama 35954, and that both stores are operated from 6:00 a.m. to 11:00 p.m., seven days a week.
“The Court further finds that a reasonable value for the use of plaintiffs property is $45.00 per day, per store, including loss of revenue by plaintiff.”
The trial court then awarded damages to Callen Corporation in the amount of “$17,-100.00 (being at $90.00 per day for 190 days from 9/20/88 to 3/2/89).”
Reviewing the record before us, we conclude that the judgment does respond to the issues raised and that the trial court’s finding that a reasonable value for the use of the property is $45 per day, per store, is not plainly and palpably wrong. However, our calculation reveals that there are 163 days from September 20, 1988, to March 2, 1989. The amount of the damages award, therefore, should have been $14,670.
We modify the judgment by reducing the damages award to $14,670. As modified, the judgment is affirmed.
AFFIRMED AS MODIFIED.
HORNSBY, C.J., and SHORES, ADAMS and INGRAM, JJ., concur.

. Cloud testified that the official name of the corporation is Cloud Enterprises, Inc.