L. CHARLES WRIGHT, Retired Appellate Judge.
Lesley Crowe’s driver’s license was suspended by the Department of Public Safety for his refusal to take an intoxilyzer test. § 32-5-192(a), Code 1975. Crowe appealed the suspension to the Circuit Court of Baldwin County. Following oral proceedings, the trial court entered an order confirming the department’s suspension. Crowe appeals.
Crowe asserts that the trial court erred in confirming the suspension. He insists that substantial evidence was presented to support his position that he did not refuse to submit to the intoxilyzer test.
When the trial court personally hears the evidence, as in this case, the judgment appealed from is presumed to be correct. The judgment will not be altered on appeal if it is supported by competent, legal evidence unless the trial court’s decision is unjust and palpably wrong. Ex parte Geneva City Board of Education, 575 So.2d 1114 (Ala.1990).
The record reflects that on January 6, 1990, at approximately 3:00 a.m., Officer Wayne Bryars, of the Bay Minette Police Department, stopped Crowe and charged *1083 him with driving under the influence. Officer Bryars’s decision to arrest Crowe was based on the “very strong odor of alcoholic beverage coming from his breath” and the officer’s observation that Crowe “staggered and his speech was slurred, [and] he could not pass the field sobriety test.”
Officer Bryars transported Crowe to the police department and requested that he take a breath test. The officer informed Crowe that his refusal to do so would result in the suspension of his driver’s license. Officer Bryars testified that Crowe did not orally refuse to take the test, but that when he was directed to blow into the machine he would “place the tube in his mouth and pretend to blow.” He did not produce a register on the machine. Officer Bryars testified that he knew that Crowe was not complying with his directions because he “pulled the tube from his mouth and no air came from his mouth.”
Crowe testified that his dentures prevented him from completing the breath test and that he did not refuse to take the test.
In confirming the suspension of Crowe’s driver’s license, the trial court made the following findings:
“2. The court finds from the evidence that the plaintiff placed the breathing tube into his mouth but failed to blow a sufficient quantity of lung air through the tube into the Intoxilyzer 5000 machine. The court bases its finding on the fact that the administering officer suddenly and unexpectedly removed the breathing tube from the plaintiff’s mouth and no air was coming out of the plaintiff’s mouth.
“3. The court finds from the evidence that the plaintiff voluntarily refused to carry out the instructions of the officer administering the test and that such action constituted a refusal to submit to the lawfully ordered test.”
Whether Crowe voluntarily refused to take the test was a question of fact to be determined from the evidence by the trial court. The trial court found against Crowe.
The trial court’s order suspending Crowe’s license is supported by the evidence. Its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.