L. CHARLES WRIGHT, Retired Appellate Judge.
In May 1991, Builders Supply Co., Inc., obtained a judgment against “Houghton Smith, individually, and d/b/a Landsouth Homes.” Subsequently, Builders Supply filed a process of garnishment against SouthTrust Bank with respect to any accounts in the name of “Houghton Smith, individually, and d/b/a Landsouth Homes.” The bank answered the writ, admitting possession of a checking account entitled “Landsouth Homes, Inc. — Bragg Apartments Construction.” Bragg Development Company, Inc., intervened in the proceeding, alleging that it was the sole owner of the funds in said account. Following an evidentiary hearing, the Circuit Court of Montgomery County found in favor of Houghton Smith, SouthTrust Bank, and Bragg Development. Builders Supply appeals.
The record reflects that in 1988 Bragg Development was incorporated by Renis Jones and Houghton Smith for the purpose of acquiring, renovating, and managing an apartment complex known as Bragg Apartments. To finance the renovation of Bragg Apartments, Bragg Development obtained a Federal Housing Administration (FHA) loan. The loan was secured by a mortgage against Bragg Apartments. Bragg Development alone was obligated on the loan. Additional funds for the renovation were obtained through the issuance, of tax exempt bonds by the Alabama Housing Authority, which in return received an assignment of the mortgage. The proceeds from the loan and the bond issue were deposited in a construction account at Union Bank & Trust. Bragg Development could request draws from the Union Bank account as the renovation progressed.
To oversee the renovation, Bragg Development hired Houghton Smith as the general contractor. At the time of acquisition, Smith was doing business as Landsouth Homes. Bragg Development and Land-south Homes entered into a written con *12 tract. In the contract Landsouth Homes was obligated to furnish all materials and perform all of the work in connection with the renovation. The contract provided that Landsouth Homes would receive only the actual cost of construction and no additional fees.
Renis Jones and Houghton Smith opened an account with SouthTrust with the understanding that all monies which Bragg Development deposited into the account would be used only for the purpose of paying expenses connected with the Bragg Apartment renovation. To reflect the agreement, the account was designated “Land-south Homes, Inc. — Bragg Apartments Construction.” The signature card for the account required both Smith’s and Jones’s signatures for all draws in excess of $1,000. It was Smith’s and Jones’s practice, however, to jointly sign all checks.
Each month, Landsouth Homes would request payment for work done and materials supplied to the Bragg Apartment project during the preceding month. The request had to be approved by the mortgage company and the FHA Commissioner. When the request was approved, Bragg Development would obtain a draw from the FHA loan and bond proceeds, deposit the draw in its general operating account, and issue a check to the SouthTrust account. Checks on the account, signed by both Smith and Jones, would then be issued to the subcontractors and materialmen in payment for the labor and materials provided to the Bragg Apartment renovation project.
The judgment obtained by Builders Supply was for $8,499.87. The judgment was against Smith, individually, and d/b/a Landsouth Homes. Of the judgment amount, $550 was for concrete that Builders Supply provided to the Bragg Apartment project. Bragg Development paid this amount to Builders Supply. The remaining balance was for materials and labor provided for other projects in which Landsouth Homes and Smith were involved.
The circuit court did not make any findings in its disposition of this matter. We •assume that the court found that the funds in the SouthTrust account belonged to Bragg Development and were not subject to garnishment by creditors of Smith and Landsouth.
Builders Supply insists that the account was a “regular checking depository” owned by Smith doing business as Landsouth Homes. It contends that, once the money from Bragg Development was deposited into the account, Bragg Development lost all legal title to and equitable interest in the money and that the right to the funds vested with Smith, the general contractor. Builders Supply argues that the circuit court erred in finding that the account was not subject to garnishment.
The nature of the “Landsouth Homes, Inc. — Bragg Apartments Construction” account is that of a joint account. This is so because the account requires both Smith’s and Jones’s signatures for withdrawals. Amarlite Architectural Products, Inc. v. Copeland Glass Co., 601 So.2d 414 (Ala.1992). The fact that the requirement only applied to withdrawals over $1,000 is not determinative of this designation. What is germane is that it was the intent and practice of Smith and Jones to co-sign all withdrawals.
Our supreme court has recently determined that a joint account is garnishable to the extent of the ownership of the debtor, and that there is a rebuttable presumption that the funds in the account belong to the debtor. Amarlite Architectural. The depositors carry the burden of proving otherwise. Amarlite Architectural.
The burden was on Bragg Development to prove that the funds in the account belonged to it and not to Smith personally or doing business as Landsouth Homes. Bragg Development submitted uncontroverted testimony that the funds in the account were derived from the FHA loan and the bond issue on which Bragg Development alone was obligated. The account was utilized only to pay creditors arising from the Bragg Apartment renovation and required joint signatures of Smith and Jones. Smith/Landsouth Homes never made a deposit into the account and never *13 utilized funds from the account for any other project.
When the trial court personally hears the evidence, the judgment appealed from is presumed to be correct. The judgment will not be altered on appeal if it is supported by competent, legal evidence unless the trial court’s decision is unjust and palpably wrong. Ex parte Geneva City Board of Education, 575 So.2d 1114 (Ala.1990). The trial court’s order is supported by the evidence. Its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.