On August 27, 1998, Betty Brooks-Shades and Robin Taylor, former employees of a Ryan's Family Steakhouse restaurant in Foley, filed a complaint against the operator of the restaurant, Ryan's Family Steakhouses, Inc.,* and the restaurant's former general manager, Edward Gonzales. A total of five plaintiffs filed the complaint, but only Brooks-Shades and Taylor are parties to this appeal. The complaint alleged assault and battery, invasion of privacy, and the tort of outrage.
On October 14, 1998, Ryan's and Gonzales filed a "Motion to Dismiss or, in the Alternative, to Stay the Proceedings Pending Arbitration," arguing that the plaintiffs' claims were subject to arbitration agreements. As to Brooks-Shades and Taylor, they premised their motion to dismiss upon an allegation by Ryan's that it had a policy of hiring only applicants who signed an arbitration agreement, and, as to the other three plaintiffs, they premised the motion upon arbitration agreements signed by those plaintiffs. Ryan's and Gonzales contend that they were unable to locate Brooks- Shades and Taylor's personnel files, and, as a result, were unable to locate the arbitration agreements they say Brooks-Shades and Taylor had signed.
On December 15, 1998, the trial court granted the defendants' motion to dismiss the claims of the other three plaintiffs (Thelma Hills, Bonnie Melton, and Diane *Page 217 
Doyle), based on the arbitration agreements they had signed. The court denied the motion to dismiss as to Brooks-Shades and Taylor.
On January 26, 1999, the defendants filed a document entitled "Motion to Reconsider or, in the Alternative, For an Evidentiary Hearing." The trial judge set an evidentiary hearing for May 25, 1999. After hearing oral testimony from Gonzales, Brooks-Shades, and Taylor, the judge denied the motion. The defendants appealed. We treat the appeal as an appeal from an order denying a motion to compel arbitration.[1]
Ryan's and Gonzales argue that the trial judge's implicit finding that Brooks-Shades and Taylor were hired without signing an arbitration agreement was clearly erroneous and contrary to the great weight of the evidence presented. We do not agree.
 Facts
Brooks-Shades and Taylor were hired in July 1996 to work at a new Ryan's restaurant in Foley. With regard to the application process, Gonzales testified that the Ryan's procedure was that once a person completed an application packet, Gonzales would set up an interview. The packet was given back to the applicant, who was told to bring it back at the time of the interview. If Gonzales decided to hire the applicant, he would schedule an orientation session. The packet was again given back to the applicant, and the applicant was told to bring it to the orientation. Gonzales testified that the application packet included an application, a gold-colored sheet of paper that told the applicants they were required to sign an arbitration agreement before they could be interviewed; an arbitration agreement; and a booklet titled "Employment Dispute Services, Inc., Rules and Procedures." Gonzales testified that these documents were attached to one another. Gonzales further testified that his store was audited periodically throughout the year. During the audit, he said, the auditor would review all of his files to determine how well he was doing his paperwork. He testified that if an employee's file did not contain an arbitration agreement, it would be brought to his attention during the audit. Gonzales further testified that he did not remember interviewing Brooks-Shades or Taylor and that he had no independent recollection of their signing an arbitration agreement.
Brooks-Shades testified that the application she completed was a one-page form, with writing on the front and on the back; that she did not sign an arbitration agreement; and that she had never seen such a document before reviewing a copy of an arbitration agreement in connection with this action. She further testified that she was hired "on the spot." Brooks-Shades testified in her deposition that she remembered seeing a yellow sheet; however, at the hearing she testified that the yellow sheet might have been attached to the one-page application.
Taylor testified that the form she completed was not a part of a multipage packet and that she did not sign an arbitration agreement when she completed her application. She testified that she had never seen the Ryan's arbitration agreement before reviewing a copy of it after she had commenced this action. Taylor also testified that the document she completed was a one-page form, with print on the front and on the back.
The record also includes evidence indicating that the employee file of one of the other three plaintiffs, who was also hired in 1996, contained an arbitration agreement *Page 218 
that was signed in 1998, not in 1996 when she was hired.
 Standard of Review
We have recently held:
 "An order refusing to compel arbitration is generally reviewed de novo. However, we recognize an exception to this general rule. In cases such as this one, where in ruling on the motion to compel arbitration a trial court hears ore tenus evidence and makes findings of fact based on that evidence, its order will not be set aside on appeal unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence."
Williams v. Ivey, 777 So.2d 94 (Ala. 2000) (citing JasperCity Council v. Woods, 647 So.2d 723 (Ala. 1994)). When evidence has been presented ore tenus, a trial court's findings of fact based on that evidence are presumed correct. See Alabama Highway Dep'tv. Stuckey's/DQ of Grand Bay, Inc., 613 So.2d 333 (Ala. 1993). Moreover, "[t]he trial court's judgment [based on ore tenus evidence in a nonjury case] will be affirmed if, under any reasonable aspect of the evidence, there is credible evidence to support the judgment." Ex parte GenevaCity Bd. of Educ., 575 So.2d 1114, 1116 (Ala. 1990).
 Discussion
The Federal Arbitration Act provides that written agreements containing arbitration provisions are enforceable if they are entered into voluntarily and if the agreement appears in a contract that concerns a transaction involving interstate commerce. See 9 U.S.C. § 1-15 (1970). We have held that any challenges to the existence of an agreement containing an arbitration provision are to be resolved by the trial court, not an arbitrator. See Shearson LehmanBros., Inc. v. Crisp, 646 So.2d 613 (Ala. 1994). The trial judge held an ore tenus hearing and determined, based on the testimony of the witnesses and the other evidence before him, that the motion to compel arbitration should be denied. Given the evidence before us, we cannot say the trial court's order was clearly erroneous or against the great weight of the evidence, as Ryan's and Gonzales contend. To the contrary, the great weight of the evidence suggests that Brooks-Shades and Taylor never signed an arbitration agreement. They both testified that, before they reviewed a copy of the alleged arbitration agreement in connection with this action, they had never seen that agreement, the agreement Ryan's and Gonzales relied on in their motion to compel arbitration. Although Gonzales testified that he would not have interviewed Brooks-Shades and Taylor unless they signed the arbitration agreement, he also testified that he had no independent recollection of Brooks-Shades or Taylor's signing an arbitration agreement and that he did not remember if he even interviewed them. Furthermore, the evidence suggests that one of the other plaintiffs, Bonnie Melton, was hired in August 1996 but that the arbitration agreement introduced into evidence was signed by her in February 1998. The trial judge did not clearly err in refusing to compel arbitration.
Ryan's and Gonzales argue that they established, pursuant to Rules 1004 and 406, Ala. R. Evid., that Brooks-Shades and Taylor signed arbitration agreements. Rule 1004 allows for the admissibility of "other evidence of the contents of a writing" when the proponent of that evidence has neither the original nor a duplicate of the writing. We first note that Rule 1004 assumes the existence of a writing. The comments to Rule 1004 state in part that "one may not offer oral testimony as to the contents of a writing without first having *Page 219 
to produce or account for the nonproduction of a copy thatexists." (Emphasis added.) Advisory Committee's Notes, Rule 1004, Ala. R. Evid.
Rule 406, Ala. R. Evid., states:
 "Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."
The most sympathetic interpretation of the argument made by Ryan's and Gonzales would be that their evidence of habit, routine, or practice, offered pursuant to Rule 406, tended to prove the existence of an arbitration agreement and that their secondary evidence, offered pursuant to Rule 1004, tended to prove the contents of that arbitration agreement, which one is left to assume has somehow been lost. If, arguendo, we assumed the correctness of this argument, then we still could not conclude that the trial judge erred, because that evidence, while arguably admissible, is certainly not conclusive. The trial judge had the discretion to believe the more direct and countervailing evidence of the plaintiffs Brooks-Shades and Taylor — that no arbitration agreement ever existed between them and Ryan's.
The party seeking to compel arbitration has the burden of proving the existence of a contract containing an enforceable arbitration clause.See TranSouth Fin. Corp. v. Bell, 739 So.2d 1110 (Ala. 1999); Ex parteCaver, 742 So.2d 168 (Ala. 1999); Southern United Fire Ins. Co.,736 So.2d 582 (Ala. 1999); Jim Burke Automotive, Inc. v. Beavers,674 So.2d 1260 (Ala. 1995). We cannot hold that the trial judge erred in finding that Ryan's and Gonzales had not carried that burden or that he erred in resolving the conflicting evidence.
We affirm the order denying the motion to compel arbitration.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, and Johnstone, JJ., concur.
Brown, J., concurs in the result.
* Note from the reporter of decisions: Some documents in the record spell this party's name "Ryan's Family Steakhouse, Inc."
[1] An order denying a motion to compel arbitration is appealable. See, e.g., Patrick Home Ctr., Inc. v. Karr, 730 So.2d 1171, 1172 (Ala. 1999).